### ABRAHAM B. VANDERPOEL *v.* PATRICK KEARNS.

Where a broker effects a loan, without any agreement as to the amount to be paid for his services, the fact that he afterwards presents to the borrower, and the latter promises to pay, a bill for commissions charged at a greater rate than the statute allows, will not forfeit his right to legal compensation.

Where a broker is employed by the owner of real property, to effect a contract of sale, wherein the purchaser shall agree to take from the owner a loan of a specified sum, and improve the property, the broker cannot recover compensation from the purchaser for effecting the loan to him. As respects his right to commissions, he is the agent of one party only, and is not entitled to be paid by both for negotiating the same contract. (*a*)

THE plaintiff in this action, being a broker, was employed by the owners to sell unimproved real estate in the city of New York, and at the same time authorized to make a loan upon it to the purchaser, upon the conditions hereafter stated. The plaintiff accordingly negotiated a contract with the defendant, whereby the latter agreed to purchase the property at the price of $14,000, and accept a loan of $11,000 in cash, to be used by the purchaser towards erecting buildings thereon. The deed was to be delivered when the buildings were completed—the whole $25,000 to be secured to the owners by bond and mortgage on the premises.

---

(*a*) See *Watkins* v. *Cousall,* 1 E. D. Smith's C. P. R. 65.

Vanderpoel.*v.* Kearns.

The plaintiff was paid by the owners for his services to them.

This suit was brought by the broker, to recover commissions from the purchaser, for effecting the loan to him, claiming it to be in effect the procurement for him of a loan of $25,000. The testimony was conflicting as to the fact of employment by the defendant at all; and it was contended, that even if that question should be determined in the plaintiff's favor, he had forfeited his right to any compensation, by demanding, after the alleged services were performed, commissions charged at the rate of one per cent., in violation of the statute prohibiting a person from " taking or receiving " more than one half of one per cent. for brokerage in procuring a loan. (2 R. S., 4th ed., p. 115, § 1.) It appeared from the evidence, that the defendant, when the bill of these charges was presented, promised to pay them.

The defendant had judgment on the report of a referee. The plaintiff appealed.

*James M. Smith, Jr.,* for the plaintiff.

*Abraham Crist* and *Lewis Hurst,* for the defendant.

By the Court. Ingraham, First J.—The testimony of the witnesses in regard to the employment of the plaintiff by the defendant, was of a conflicting character. If the plaintiff's witness was correct, there was such employment. If the defendant's witness stated the facts correctly, there was no employment. It was purely a question of fact for the referee, and he has found for the defendant. There is no ground on which we can interfere with his decision. It is not against the weight of evidence, and that is the only cause for which his decision could be set aside.

I am not prepared to adopt the broad ground taken by the referee, as to the illegality of the plaintiff's claim for any sum, if he had been employed. The service alleged to be rendered was not illegal. It was the amount charged that

exceeded the limit fixed by statute.   There is no agreement
that he should receive that rate of compensation, and the
mere promise of payment would not deprive the plaintiff of
a legal compensation, if he had been actually employed.

It is apparent, from all the testimony, that the loan was a
part of the original contract for the sale of the premises, and
that in making it, the plaintiff acted as the agent of the
vendor of the lots to the defendant, and received compensa-
tion from him.   He had no right to act as the agent of the
defendant in the same matter.   His duties towards the one
conflicted with the service which he ought to have rendered
to the other, and it is idle to say that he could charge both
for services rendered in making one contract.

The judgment must be affirmed.